Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, NY 10170
Telephone: (332) 345-4500
Facsimile: (716) 853-5199
Email: bparseghian@lippes.com

Attorneys for Defendant
ARSTRAT, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| JAMES N. ANDERSON<br><br>Plaintiff,<br><br>v.<br><br>ARSTRAT, LLC<br><br>Defendant. | Case No.: 2:25-cv-1252-TLN-CKD<br><br>**DEFENDANT ARSTRAT, LLC'S ANSWER** |

Defendant Arstrat, LLC ("Defendant"), by and through its undersigned attorneys, for its Answer to Plaintiff's Complaint, upon information and belief, states as follows:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA") and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("CUCL"). Defendant denies that it violated said statutes.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

## PARTIES

5. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 and, therefore, denies same.

6. Admitted in part. Defendant admits that it is a limited liability company with a principal place of business in the State of Texas. The remaining allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation in Paragraph 6.

7. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 and, therefore, denies same.

## FACTS SUPPORTING CAUSE OF ACTION

8. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 8 and, therefore, denies same.

9. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 9 and, therefore, denies same.

10. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 10 and, therefore, denies same.

11.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 and, therefore, denies same.

12.     Defendant denies Paragraph 12.

13.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 13 and, therefore, denies same.

14.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 14 and, therefore, denies same.

15.     Defendant denies Paragraph 15.

16.     Defendant denies Paragraph 16.

17.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 17 and, therefore, denies same.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**PLAINTIFF AGAINST QCS**

18.     With respect to Paragraph 18 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

19.     The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 19.

20.     The allegations in Paragraph 20 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 20.

21.     Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 21 and, therefore, denies same.

22.     Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 22 and, therefore, denies same.

**a. Violations of FDCPA § 1692e**

23. The allegations in Paragraph 23 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 23.

24. The allegations in Paragraph 24 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

**b. Violations of FDCPA § 1692f**

27. The allegations in Paragraph 27 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant denies Paragraph 31.

## COUNT II – VIOLATIONS OF
## THE CALIFORNIA UNFAIR COMPETITION LAWS

32. With respect to Paragraph 32 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. The allegations in Paragraph 33 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 33.

34. The allegations in Paragraph 34 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

## COUNT III – VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. With respect to Paragraph 38 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. The allegations in Paragraph 39 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 39.

40. Defendant lacks information and knowledge sufficient to form a belief as to the allegations in Paragraph 40 and, therefore, denies same.

41. The allegations in Paragraph 41 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 41.

**a.     Violations of RFDCPA § 1788.17**

42. The allegations in Paragraph 42 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 42.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

## FIRST AFFIRMATIVE DEFENSE

46. Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

47. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant has no control or authority.

**THIRD AFFIRMATIVE DEFENSE**

48. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

50. To the extent that Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

**SIXTH AFFIRMATIVE DEFENSE**

51. Plaintiff failed to mitigate his damages.

WHEREFORE, Defendant Arstrat, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together with such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:     May 30, 2025

**LIPPES MATHIAS LLP**

s/ Berj K. Parseghian
Berj K. Parseghian
Attorneys for Defendant
Arstrat, LLC